# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50433 | **DATE** | 5/12/2004 |
| **CASE TITLE** | Maldonado vs. Invensys | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the attached Memorandum Opinion and Order, Plaintiff's requests contained in his Discovery Memorandum are granted in part and denied in part.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAY 13 2004 | |
| | Notified counsel by telephone. | | date docketed | 45 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 5/12/2004 | |
| | | | date mailed notice | |
| sp | courtroom deputy's initials | | sp | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| RICHARD MALDONADO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 01 C 50433 |
| ) | |
| INVENSYS BUILDING SYSTEMS, INC., ) | Philip G. Reinhard |
| ) | P. Michael Mahoney |
| ) | |
| Defendants. ) | |

### Memorandum Opinion and Order

On April 21, 2004, this court ordered Plaintiff to submit a memorandum describing what discovery is needed from Defendant and why. This case is in the twilight of discovery. It is now time for the sun to set.

1. **9001-2000 Audits**

Plaintiff seeks to review the content of what he calls the Lean Enterprise 9001-2000 Audits. Plaintiff argues he needs to review these materials because they may "unmask discriminatory practices where differing rates and work instructions do not match." Defendant argues that the audits do not address pay rates. Additionally, and more importantly, Defendant argues the audits contain confidential trade secret business information regarding Defendant's manufacturing process. This argument alone justifies denying Plaintiff's request as Plaintiff has provided no real basis for the necessity of the audits. As such, this court, as it has done on at least one previous occasion, denies Plaintiff's request for the Lean Enterprise 9001-2000 Audits.

2. **Charts**

While Plaintiff acknowledges the receipt of certain documents and charts which contain

financial information regarding certain of Defendant's employee's incomes, Plaintiff nevertheless still seeks labor grade at hire/transfer/promotion and duration at labor grade date for employees of Division 38, Departments 9305, 9313 and 9316 for the time period encompassing Plaintiff's employment with Defendant. Defendant asserts Plaintiff has been provided with the data regarding labor grade and duration at labor grade on two separate occasions, most recently on March 25, 2004. Therefore, based on Defendant's representation that Plaintiff has all the requested information, this court denies Plaintiff's request.

3. **Interview Materials**

Plaintiff acknowledges receiving job application materials for the employees specifically requested. However, Plaintiff argues the disclosures are void of any documented attempts by Defendant to verify the educational background or work history of each applicant. Additionally, Plaintiff claims that no notes, photocopies of diplomas or course work are contained in Defendant's disclosures. Defendant argues it produced applications for all positions, including those for which Plaintiff applied. Additionally, Plaintiff copied information provided by applicants who applied for positions Plaintiff sought. These copies, Defendant asserts, included notes (if any) of the interviewers which were made on the applications. Defendant states these are the only notes that are retained by Defendant. Therefore, based on the representations made by Defendant, Plaintiff's request is denied.

4. **Job Manuals**

Plaintiff wants access to particular portions of Defendant's Job Manuals and Operators Instructions given to employees for Defendant's machining and dies case/assembly production functions only. Defendant argues that its need to maintain its proprietary and confidential

information far exceeds any minimal curiosity Plaintiff has in obtaining access to such information. Additionally, Defendant argues Plaintiff has never issued any Rule 33 or Rule 34 request seeking such information. That point is decisive. Plaintiff has had ample opportunity to seek this information prior to what is now the end of fact discovery. Therefore, Plaintiff's request for the information is denied.

5. **Attachment**

Plaintiff seeks disclosure for a missing attachment indicated on the face of Plaintiff's May 31, 1997 application for a Machine Operator position. Defendant asserts that the attachment was previously provided. The Defendant will provide the attachment within 7 days of the date of this Order.

6. **Standards of Conduct**

Plaintiff seeks "any policies or procedures or manuals which implement the intent of Defendant's Preside Candler's letter to employees of March 1, 2000 and/or which supplement, amend or supplant Defendant's predecessor corporation, Barber Colman's Standards of Conduct, ... ." Plaintiff seeks this information because "Plaintiff cannot inquire of Defendant's managerial employees as to their implementation of Defendant's policies without a working knowledge of what those polices are or were during periods of Plaintiff's employment by Defendant." Defendant asserts that it has previously provided Plaintiff with its employment policies and Plaintiff has never raised any issue regarding its production of employment-related policies. Based on the representation of Defendant, Plaintiff's request is denied. Plaintiff has had ample opportunity to seek this information prior to what is now the end of fact discovery.

7.  **Addresses of Former Employees**

Plaintiff seeks addresses for Defendant's former employees contained on Plaintiff's Deponent List because, as argued by Plaintiff, "Defendant will present its present employees and Plaintiff should rightly be disclosed, at least a good starting point, in locating Defendant's former employees." This court has some grave concerns for this request. This is a 2001 case. Plaintiff's original complaint was filed in November 2001. Fact discovery was first set to close on October 30, 2002. Plaintiff should not now be asking for this information. Plaintiff has had ample time to obtain this information. Plaintiff's request is denied.

For the above stated reasons, Plaintiff's requests contained in its Discovery Memorandum are granted in part and denied in part. Fact discovery is closed today.

ENTER:

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: 5/12/04